IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**ROBERTO BROWN**<br>    a/k/a "AB" | Criminal No: 2:15-800<br><br>**PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 17th day of November 2016, between the United States of America, as represented by Acting United States Attorney Beth Drake, Assistant United States Attorney Nick Bianchi; the Defendant, **ROBERTO BROWN, a/k/a "AB,"** and Defendant's attorney, Rose Mary Parham.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.  The Defendant agrees to waive Indictment and arraignment, and plead guilty to Count 1 and Count 2 of the Information which charges "Conspiracy" (Count 1) and "Use of a Communication facility to facilitate the commission of a felony under the Controlled Substances Act," a violation of Title 21, United States Code, § 843(b) (Count 2). In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

1

A. The conspiracy described in the Information to violate federal law was willfully formed and was existing at or about the alleged time;

B. The defendant willfully became a member of the conspiracy; and

C. That one or more of the defendants committed an act to effect the object of the conspiracy.

The penalty for this offense is:

18 U.S.C. § 371 - a maximum term of imprisonment of five (5) years, a fine of $250,000 and a term of supervised release of not more than three (3) years in addition to any term of imprisonment, plus a special assessment of $100.00.

### Count 2

A. The Defendant knowingly and intentionally used a communication facility; and

B. the Defendant used the communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under the Controlled Substances Act, to wit: conspiracy to possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1))

The penalty for this offense is:

21 U.S.C. §843(b) - a maximum term of imprisonment of four (4) years, a fine of $250,000 and a term of supervised release of one (1) year in addition to any term of imprisonment, plus a special assessment of $100.

**\*\*\*Should the Court "stack" maximum statutory penalties, the defendant understands he faces a maximum term of imprisonment of nine (9) years.\*\*\***

2.   The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court

2

are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

5. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the

government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

7. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom

of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

8. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

11/17/16
Date

Roberto Brown, DEFENDANT

11/17/16
DATE

ROSE MARY PARHAM
ATTORNEY FOR THE DEFENDANT

BETH DRAKE
ACTING UNITED STATES ATTORNEY

11-17-16
Date

NICK BIANCHI
ASSISTANT UNITED STATES ATTORNEY

6